## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

OMAR HARRELL,

        Plaintiff,

  vs.

EQUIFAX INFORMATION
SERVICES, LLC.; EXPERIAN
INFORMATION SOLUTIONS, INC.;
and DISCOVER BANK

        Defendants.

Case No.: 6:24-cv-01218

**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATION OF:**

1. THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.]
2. FLORIDA CONSUMER COLLECTION PRACTICES ACT [Fla. Stat. §559 et. seq.]

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Omar Harrell ("Plaintiff"), through his attorneys, allege the following against Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Discover Financial Services ("Discover"), collectively ("Defendants").

## INTRODUCTION

1. Plaintiff brings this action to secure redress from Equifax, Experian and Discover for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. The FCRA is a federal statute that broadly regulates the credit reporting agencies and furnishers of credit information. Among other things, the FCRA prohibits credit reporting agencies and furnishers from reporting incomplete or inaccurate information on a consumer's credit report.

2. Further, Plaintiff brings this action to secure redress from Discover for violation of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559 et. seq. The FCCPA prohibits both debt collectors and creditors from using certain types of abusive, deceptive, and misleading debt collection tactics.

3. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by his attorney.

## **JURISDICTION**

4. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. 1681.

5. Supplemental jurisdiction of this court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the US Constitution.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendants transact business in this district, as such personal jurisdiction is established.

COMPLAINT AND DEMAND FOR JURY TRIAL

## PARTIES

8.  Plaintiff Omar Harrell is a natural person allegedly obligated to pay a consumer debt, and presently resides in Apopka, Orange County, Florida.

9.  Plaintiff is a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8).

10. Plaintiff was allegedly obligated to pay a "debt" or "consumer debt" to Defendant Discover.

11. Defendant Equifax is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and distributing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC § 1681a(d), to third parties. Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax can be served through its agent for service process, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

12. Defendant Experian is a *credit reporting agency*, as defined in 15 USC 1681a(f)). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California, 92626. Experian can be served through its agent for

COMPLAINT AND DEMAND FOR JURY TRIAL

service process, C T Corporation System, located at 1200 South Pine Island Rd., Plantation, FL 33324.

13. Defendant Discover is in the practice of furnishing consumer information to consumer reporting agencies and is therefore a "furnisher" as defined by 12 CFR 1022.41 and is a "person" as defined by 15 U.S.C. § 1681a(b).  Defendant Discover's principal place of business is located at 2500 Lake Cook Rd., Riverwoods, Illinois, 60015. Discover can be served through its' registered agent for service process, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida, 33324.

14. Defendant Discover is a "person" as defined by Fla. Stat. § 559.01(3).

15. Defendant Discover is a "creditor" as defined by Fla. Stat. § 559.55(6).

16. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

### *Background Information*

17. Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied

COMPLAINT AND DEMAND FOR JURY TRIAL

for housing. Second despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

18. While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer", and to ensure the "confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

19. Congress, concerned about inaccuracies in consumer reports, specifically required consumer reporting agencies to follow reasonable procedures to assume maximum possible accuracy" in consumer reports. 15 U.S.C. § 1681e(b).

20. Consumer reports that contain factually incorrect information which does not belong to the consumer are neither maximally accurate nor fair to the consumers who are the subjects of such reports.

21. The FCRA is intended to ensure customer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the customer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other customer information.

22. Equifax and Experian, two of the three major consumer reporting agencies (at times referred to collectively as "CRAs" and individually as a "CRA") in the United States, regularly publish and distribute credit information about Plaintiff and other consumers through the sale of consumer reports.

COMPLAINT AND DEMAND FOR JURY TRIAL

23. The CRAs Defendants consumer reports generally contain the following information: (i) Header/Identifying Information: this section generally includes the consumer's name, current and prior addresses, date of birth, and phone numbers; (ii) Tradeline information: this section pertains to consumer credit history, and includes the type of credit account, credit limit or loan amount, account balance, payment history, and status; (iii) Public Record Information: this section typically includes public record information, such as bankruptcy filings; and (iv) Credit Inquiries: this section lists every entity that has accessed the consumer's file through a "hard inquiry" (i.e., consumer-initiated activities, such as applications for credit cards, to rent an apartment, to open a deposit account, or for other services) or "soft inquiry" (i.e., user-initiated inquiries like prescreening).

24. The CRA Defendants obtain consumer information from various sources. Some consumer information is sent directly to the CRAs by furnishers, and other information is independently gathered by CRAs from third party providers, vendors, or repositories, like computerized reporting services like PACER and Lexis-Nexis.

25. The majority of institutions that offer financial services (e.g., banks, creditors, lenders) rely upon consumer reports from CRAs (like Defendants) to make lending decisions.

COMPLAINT AND DEMAND FOR JURY TRIAL

26. Those institutions also use FICO scores, and other proprietary third-party algorithms (or "scoring" models), including debt-to-income ratios, to interpret the information in a consumer's consumer report, which is based on the amount of reported debt, payment history, and date of delinquencies contained in the CRA Defendant's consumer reports.

27. The information Defendants include in a consumer report contributes to a consumers' overall creditworthiness and determines their FICO scores.

28. FICO scores are calculated using information contained in the CRA Defendant's consumer reports.

29. FICO and other third-party algorithms use variables or "attributes" derived from a consumer's consumer report to calculate a "credit score", which is a direct reflection of a consumer's creditworthiness.

30. FICO scores factor in the following consumer report information: Payment history (35%): Amount of debt (30%), Length of credit history (15%), New credit (10%), and Credit mix (10%).

    (a)    Payment history" refers to whether a consumer has paid his or her bills in the past, and whether these payments have been timely, late, or missed. In factoring the severity of delinquent payments, a FICO Score considers how late the payment continues to be, how much is owed, how recently the delinquency occurred, and how many delinquent

accounts exist. The more severe, recent, and frequent late payments are, the lower a consumer's FICO Score will be.

(b)     The "amount of debt" a consumer owes has a major impact on their credit score. When a CRA reports a debt as outstanding when it is in fact discharged, the CRA indicates that a consumer's "amount of debt" is higher than it actually is, which will undoubtedly impact a consumer's credit score.

31. Lenders also consider a consumer's debt-to-income ratio (DTI) before deciding to extend credit or approve financing terms.

32. DTI compares the total amount a consumer owes to the total amount a consumer earns.

33. A consumer's income, however, is not included in their consumer report; only their amount of debt is.

34. The higher the amount of reported debt that a consumer has, or appears to have, the worse the consumer's DTI will be, and the more difficult it will be for a consumer to obtain credit and favorable credit terms (e.g., higher interest and lower credit limits).

COMPLAINT AND DEMAND FOR JURY TRIAL

<u>*Allegations Specific to Credit Reporting Violations*</u>

35. In or around October 2021, Plaintiff entered into an agreement with Defendant Discover regarding his Discover Credit Card Account (#xxxx9793) (the "Account").

36. Defendant Discover agreed to accept $3,777.35 as a settlement in full for the Account, with the following terms:

    (a)    First payment of $143.35 to be made by 10/31/2021.

    (b)    Payment of $158.00 due by the end of each month from November 2021 through September 30, 2023.

    (c)    Upon receipt of the final payment, Defendant Discover would consider the Account settled for less than the full balance.

37. Plaintiff made all of his payments in full and on time to Defendant Discover pursuant to the agreement.

38. After making his last payment by September 30, 2023, Plaintiff no longer owed a balance on the Account to Defendant Discover, as the Account was settled in full.

39. Moreover, upon information and belief, in or around October 2023, Defendant Discover accurately furnished information to the credit reporting agencies, including Defendants Experian and Equifax, indicating that Plaintiff no longer

COMPLAINT AND DEMAND FOR JURY TRIAL

had a balance with the Account and that the Account was settled for less than full balance.

40. However, sometime in or around March 2024, Defendant Discover began to furnish inaccurate information to the credit reporting agencies, including Defendant Experian and Equifax, indicating that Plaintiff did have a balance on the Account.

41. Defendant Discover furnished inaccurate information stating that Plaintiff had a past due balance of $3,777 and a charge-off status through March 2024.

42. Plaintiff was confused and shocked that his consumer reports began to reflect that he had a past due balance on the Account in the amount of $3,777 instead of accurately reporting a $0 balance.

43. Plaintiff had worked tirelessly and diligently for almost 2 years to abide by the terms of the settlement with Discover regarding the Account and to fulfill his settlement obligations.

44. In or around April 2024, Plaintiff contacted Defendant Discover, multiple times, directly to dispute the inaccurate information and indicated that the information reporting was inaccurate because the Plaintiff had settled the Account in full.

45. However, Defendant Discover failed to correct the inaccurate information despite Plaintiff's repeated phone calls and attempts to have Defendant Discover furnish accurate information pursuant to the settlement agreement.

COMPLAINT AND DEMAND FOR JURY TRIAL

46. Creditors and/or debt collectors, like Defendant Discover, communicate information about consumer accounts to credit reporting agencies as a method to help with the collection of consumer debts.

47. Defendant Discover communicated to the credit reporting agencies that Plaintiff owed a past due balance in an effort to coerce Plaintiff into making a payment on the alleged debt.

48. Defendant Discover's actions attempted to enforce a debt against Plaintiff despite knowing that the debt is not legitimate and/or no longer owed.

49. Defendant Discover disclosed inaccurate information to the credit reporting agencies, indicating that Plaintiff had a past due balance on his Account (which he did not), affecting the Plaintiff's reputation despite having knowledge or reason to know that the information it was furnishing was false.

50. Thereafter, Plaintiff proceeded to submit disputes with the credit reporting agencies, including Defendants Equifax and Experian.

51. In or around April 2024, Plaintiff contacted Experian and Equifax and disputed the inaccurate information reporting on the Account multiple times.

52. Plaintiff submitted multiple disputes to Defendant Experian and Equifax, both via telephone and online.

53. Plaintiff informed Defendant Experian and Equifax that the reporting of the Account was inaccurate because he had entered into a settlement with Discover,

COMPLAINT AND DEMAND FOR JURY TRIAL

made all his payments in full and on time and no longer owed a balance as of September 2023.

54. However, Defendant Experian and Equifax responded to each dispute and verified the inaccurate information.

55. Through at least one of the disputes to Defendant Experian and Equifax, Plaintiff provided a copy of the settlement agreement with Defendant Discover and proof of his payment(s).

56. Defendant Experian and Equifax received all of Plaintiff's disputes regarding the Account.

57. Upon information and belief, Experian forwarded Plaintiff's disputes referenced above to Discover, as required under 15 U.S.C. § 1681i(a)(2).

58. Upon information and belief, Equifax forwarded Plaintiff's disputes referenced above to Discover, as required under 15 U.S.C. § 1681i(a)(2).

59. Defendant Experian's dispute results indicated that the Account was still reporting the Account with a past due balance of $3,777 as of April 2024 and a charge-off status as of April 2024.

60. Defendant Equifax's dispute results indicated that the Account was still reporting the Account with a past due balance of $3,777 as of April 2024 and a charge-off status as of April 2024.

COMPLAINT AND DEMAND FOR JURY TRIAL

61. Defendants Experian and Equifax did not investigate Plaintiff's disputes, and pursuant to their unreasonable procedures, merely forwarded an automated dispute verification form ("ACDV") to Discover, despite possessing information indicating that Plaintiff did not owe any money on the Account.

62. Upon information and belief, at one point in time, prior to March 2024, Defendants Experian and Equifax reported that Plaintiff had a $0 balance and settled the Account for less than full balance.

63. Rather than perform a reasonable investigation based on Plaintiff's disputes and rely on information known by the Defendant CRAs through Plaintiff's credit file, the Defendant CRAs merely parroted information furnished by Discover despite awareness that the information was factually inaccurate, misleading and conflicted with information known by the CRAs.

64. Further, upon receipt of the Plaintiff's disputes from the Defendant CRAs, Defendant Discover failed to conduct a reasonable investigation.

65. Defendant Discover failed, among other things, to review all relevant information regarding the dispute or ignored this information. Consequently, Defendant Discover continued to furnish inaccurate data to the Defendant CRAs despite knowledge of Plaintiff's disputes and otherwise possessing information from which Defendant Discover should have reported accurate information about the Account.

COMPLAINT AND DEMAND FOR JURY TRIAL

66. Defendant Discover conducted an unreasonably investigation of Plaintiff's disputes and informed Defendants Equifax and Experian that the information regarding the Account was verified as reporting accurately, thereby causing the inaccurate information to continue reporting.

67. Once again, Defendant Discover disclosed information to a third party(ies) with knowledge or reason to know that the information is false.

68. The Defendant CRAs reporting was patently false and/or materially misleading, as Plaintiff fulfilled the terms of the settlement with Defendant Discover and settled the Account in full.

69. Notably, the other major CRA (Trans Union) is accurately reporting the Account.

70. Defendants' inaccurate reporting caused Plaintiff's credit score to decrease and credit worthiness to suffer.

71. Further, Defendants' inaccurate credit reporting negatively affected Plaintiff's debt-to-income ratio, giving the impression that Plaintiff owed a balance to Discover that he no longer owed.

72. The inaccurate credit reporting has caused Plaintiff to suffer from emotional distress and mental pain and anguish, including but not limited to, stress, headaches, anxiety, embarrassment, sleepless nights, frustration, and confusion.

73. Defendants conduct was malicious and/or oppressive.

COMPLAINT AND DEMAND FOR JURY TRIAL

74. Defendants had all the information they needed to update Plaintiff's credit report and failed to do so.

75. Defendants Equifax and Experian failed to conduct a reasonable investigation.

76. Defendant Discover failed to conduct a reasonable investigation upon receipt of the disputes from the Defendant CRAs.

77. As a result of Defendant's conduct, Plaintiff has sustained and continues to sustain actual damages.

78. In addition, the inaccurate reporting caused Plaintiff emotional and mental pain and anguish, including but not limited to, sleepless nights, frustration, confusion, helplessness, fear, stress and anxiety.

79. As a result of Defendants' conduct, Plaintiff has sustained and continues to sustain actual damages.

## <u>COUNT I</u>
### Defendants Experian and Equifax
### Violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et. seq.*

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine

the public confidence, which is essential to the continual function of the banking system.

82. Congress enacted the FCRA to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

83. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other consumer information.

84. The FCRA requires credit reporting agencies, like Equifax and Experian, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

85. Defendants negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to use reasonable procedures to assure maximum possible accuracy of information pertaining to the Account at issue.

86. Consequently, Defendants routinely report inaccurate, and materially misleading information about Plaintiff, without verifying the accuracy of this information, or updating this information as required by § 1681(e)(b) when Defendants possess information inconsistent with the reported information and possess information establishing that the reported information is in fact inaccurate.

COMPLAINT AND DEMAND FOR JURY TRIAL

87. Defendants knew or should have known of their obligations under the FCRA, especially pertaining to discharged debts. These obligations are well established by the plain language of the FCRA, in promulgations of the Federal Trade Commission, well-established case law, and in prior cases involving Defendant from which Defendant is on notice of their unreasonable procedures.

88. Defendants Equifax and Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained concerning the Plaintiff.

89. Even after Plaintiff notified Defendants Equifax and Experian of the inaccurate information, the credit reporting agencies continued to inaccurately report the Discover account.

90. When a consumer disputes the accuracy or completion of information included in a CRA's credit file, the FCRA requires the agency to either conduct a reasonable reinvestigation into the disputed information **or** delete the disputed information from the consumer's credit file within thirty (30) days of receiving notice of the dispute. 15 U.S.C. § 1681i(a)(2)(A).

91. When conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

COMPLAINT AND DEMAND FOR JURY TRIAL

92. Additionally, the CRA must notify the person who furnished the disputed information of the consumer's dispute within five business days of its receipt. When notifying the furnisher of the consumer's dispute, the CRA is to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).

93. Defendants' violations of 15 U.S.C. § 1681i include, but are not limited to the following:

   (a)   Failing to reasonably reinvestigate the inaccurate information Plaintiff disputed.

   (b)   Failing to consider all relevant information while investigating Plaintiff's dispute.

   (c)   Failing to include all relevant information when notifying Discover of Plaintiff's dispute.

94. Instead of reasonably reinvestigating Plaintiff's dispute, Defendants "verified" the tradeline was accurate and continued to report the Discover account with a late payment history, past due balance and charge-off status.

95. Defendants' acts, as described above, were done willfully and knowingly.

96. Alternatively, Defendant was negligent, entitling Plaintiff to recover damages pursuant to 15 U.S.C. § 1681o.

COMPLAINT AND DEMAND FOR JURY TRIAL

97. Defendants Equifax and Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

98. Defendants Equifax and Experian violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

99. As a result of Defendants' Equifax and Experian violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above.

100. Defendants Equifax and Experian violations were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

101. In the alternative, Defendants Equifax and Experian were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

102. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
## Defendant Discover
## Violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b)

103.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

104.   On at least one occasion within the past two years, by example only and without limitations, Defendant Discover violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

105.   The FCRA requires a furnisher, such as Discover, after receiving notice from a credit report agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the dispute information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information Defendant was aware of.

106.   Discover is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(B):

(a)     Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

COMPLAINT AND DEMAND FOR JURY TRIAL

(b)    Willfully and negligently failing to review all relevant information concerning Plaintiff's Discover account settlement.

(c)    Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d)    Willfully and negligently failing to report the inaccurate status balance and status of the inaccurate information to all credit reporting agencies;

(e)    Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f)    Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the credit reporting agencies; and

(g)    Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

107.  Defendant Discover is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief permitted by 15 U.S.C. § 1681n and § 1681o.

COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT III
### Defendant Discover
### Violations of the Florida Consumer Collection Practices Act (FCCPA),Fla. Stat. § 559 et. seq.

108.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

109.   Defendant Discover violated the FCCPA by claiming, attempting, and threatening to enforce debt(s) when Discover knew that the debt is not legitimate because Defendant Discover had knowledge of the settlement with Plaintiff and Plaintiff had disputed the debt multiple times both directly to Discover and indirectly through the credit reporting agencies, in violation of Fla. Stat. § 559.72(7).

110.   Defendant Discover violated the FCCPA by disclosing to a person other than the Plaintiff or his family information affecting his reputation, whether or not for credit worthiness, with knowledge or reason to know that the information is false, in violation of Fla. Stat. § 559.72(5).

111.   Defendant Discover's violations of the FCCPA did not result from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

112.   As a result of Discover's unlawful conduct, Plaintiff has been harmed. Plaintiff worked tireless and diligently to abide by the terms of the settlement with Discover and made every settlement payment on time and in full. As such,

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff's Account with Discover was settled in full and he no longer owed any amount of money to Discover.

113. However, Defendant Discover's unlawful actions caused Plaintiff to suffer from emotional and mental pain and anguish, including but not limited to, stress, anxiety, sleepless nights, worry, fear, and confusion.

114. Defendant Discover's conduct, actions, and inactions were willful, rendering it liable for actual, statutory, and punitive damages to be determined by the Court pursuant to Fla. Stat. § 559.77(2).

115. Plaintiff is entitled to recover attorneys' fees and costs from Defendant Discover in an amount to be determined by the Court pursuant to Fla. Stat. § 559.77(2).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant for the following:

A. Actual damages against all Defendants pursuant to 15 U.S.C. § 1681n(a) and 15 U.S.C. § 1681o(a)(1);

B. Statutory damages against all Defendants pursuant to 15 U.S.C. §1681n(a)(1)(A);

C. Punitive damages against all Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

COMPLAINT AND DEMAND FOR JURY TRIAL

D. Costs and reasonable attorney's fees against all Defendants pursuant to 15 U.S.C. §§ 1681n(a)(3) and1681o(a)(2);

E. Against Defendant Discover an award of actual, statutory, and punitive damages pursuant to Fla. Stat. § 559.77(2), including costs and reasonable attorneys' fees;

F. Punitive damages against all Defendants pursuant to Fla. Stat. § 768.72;

G. For such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully Submitted,

Dated: July 2, 2024

By:/s/_Catherine Tillman
Catherine Tillman, Esq. (FL #0057663)
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (941) 263-7310
F: (718) 715-1750
E: ctillman@consumerattorneys.com
*Attorney for Plaintiff,*
*Omar Harrell*